UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                                    |   |                        |
|------------------------------------|---|------------------------|
|                                    | : |                        |
| KAREN M. HESS,                     | : | No. 1:06-CV-00157      |
|                                    | : |                        |
|     Plaintiff, | : |                        |
|                                    | : |                        |
|                                    | : | **OPINION AND ORDER**  |
|   v.                     | : |                        |
|                                    | : |                        |
|                                    | : |                        |
| UNIVERSITY OF CINCINNATI           | : |                        |
| SURGEONS, INC., et al.,            | : |                        |
|                                    | : |                        |
|     Defendants.|   |                        |

This matter is before the Court on Defendant Dr. Steven M. Rudich's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 7), Plaintiff's Memorandum in Opposition (doc. 10), and Defendant's Response to Plaintiff (doc. 11). The complaint names three Defendants: Dr. Steven Rudich, University of Cincinnati Surgeons, Inc. ("UC Surgeons"), and University Hospital, Inc. (doc. 1). The motion before the Court only involves the allegations against Dr. Rudich. For the reasons indicated herein, the Court GRANTS IN PART and DENIES IN PART Dr. Rudich's motion.

**I. Background**

From January 12, 2004 to May 9, 2005, Plaintiff worked as a nurse practitioner for UC Surgeons, Inc. where Defendant Steven M. Rudich, M.D. is the Director of Liver Transplant Services (doc.

10).  During this time, Plaintiff alleges that Defendant phoned her at home and verbally abused her, confronted her in a physically threatening manner, poked her in the chest as she backed up against a wall, and openly criticized her consideration of the Clinical Director of Transplant Services position at University Hospital (Id.).  Plaintiff alleges Defendant Rudich became irate after learning that she accepted the position and verbally abused her (Id.).

After beginning work in the new position, Plaintiff alleges that on May 18, 2005, Defendant became disruptive and intimidating towards her at a business meeting (Id.).  She alleges that she complained to both UC Surgeons and University Hospital about his behavior (Id.).  According to the complaint, University Hospital, through its Vice President, informed Plaintiff that she should be "normalized" to the Defendant's behavior (Id.).  She claims she has since been excluded from meetings and denied access to files necessary to perform her job (Id.).

Plaintiff filed suit on March 21, 2006 (Id.).  In counts I and II, Plaintiff alleges Gender Harassment and Retaliation under Title VII of the Civil Rights Act of 1964 against University Hospital and UC Surgeons (Id.).  Count III and IV allege Gender Harassment and Retaliation under Ohio Rev. Code § 4112 against UC Surgeons and Dr. Rudich (Id.).  In Count V, Plaintiff brings an Assault and Battery claim against Defendant Rudich (Id.).  Count VI charges UC Surgeons with Negligence as to the hiring, retention and

supervision of Dr. Rudich (Id.).  Defendant filed the present 12(b)(6) motion on April 17, 2006, moving the court to dismiss Counts III and IV as to Defendant Dr. Rudich (doc. 7).

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001).  A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses). Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds).  Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

3

The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.  Defendant's Motion to Dismiss

Defendant provides two bases on which he contends Count III and IV, Gender Harassment and Retaliation respectively, are claims for which no relief may be granted.  First, Defendant argues that he was never Plaintiff's employer (doc. 7).  Defendant's position is that Plaintiff is precluded from establishing a gender discrimination claim under Ohio Rev. Code § 4112, as it applies only to employers (Id.).  Defendant also argues that only an employer can impose a "tangible employment action" as is necessary to establish a retaliation claim (Id.).  He contends that no act of the corporate Defendants, including allegations of excluding Plaintiff from meetings or denying her access to files, can be attributed to him (Id.).

Secondly, Defendant argues that Plaintiff is unable to demonstrate any adverse employment action resulting from Dr. Rudich's conduct (Id.).  Defendant contends that Plaintiff's allegations as to a Hostile Work Environment Claim are insufficient as a matter of law (Id.).  He argues Plaintiff has not met the standard articulated in Harris v. Forklift Sys., Inc., 510 U.S. 17, 22 (1993), which held that Title VII is violated "when the

4

workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (Id.)[1]. With regard to Count IV, Defendant claims that Plaintiff has not suffered an adverse employment action (Id.). He notes that Plaintiff ultimately was given the job she wanted, and that no court has found the appointment to a desired job to be an adverse employment action (Id.).

Plaintiff responds that she has sufficiently established claims of Hostile Environment Sexual Harassment and Retaliation against Defendant Rudich (doc. 10). She cites Genaro v. Cent. Trans., Inc., 84 Ohio St.3d 293, 296 (1999), 703 N.E. 782, 785 (Ohio 1999), for the proposition that supervisors and managers may be held personally liable for unlawful discriminatory acts in violation of Ohio Rev. Code § 4112 (Id.). Plaintiff claims her complaint sufficiently states that Defendant had supervisory capacity over her to survive a Motion to Dismiss, as from January 12, 2004 to May 9, 2005, and throughout most of alleged conduct, Plaintiff worked as a Nurse Practitioner for U.C. Surgeons, where Dr. Rudich was the Director (Id.). Plaintiff therefore contends that any argument that Defendant cannot be held liable because he

---

[1]Ohio courts look to federal case law interpreting Title VII of the Civil Rights Act of 1964 to interpret and define Ohio Rev. Code Chapter 4112. Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n, 66 Ohio St.2d 192,196 (Ohio 1981), 421 N.E.2d 128, 131 (Ohio 1981).

5

was not Plaintiff's employer must fail (<u>Id</u>.).

Plaintiff similarly disputes Defendant's argument that Plaintiff failed to allege an adverse job action (<u>Id</u>.). She contends that allegations that she was told she should be "normalized" to Defendant's behavior, excluded from meetings and denied files necessary to performing her job, are sufficient to survive Defendant's motion on both counts (<u>Id</u>.).

In his reply, Defendant reiterates that Plaintiff obtained the job she wanted (doc. 11). Defendant claims that this precludes Plaintiff from establishing damages (<u>Id</u>.). Secondly, Defendant contends that he cannot be considered the employer of Plaintiff after May 9, 2005, when she became an employee of University Hospital, because he is not an employee of University Hospital (<u>Id</u>.). Defendant notes that an employee of University Hospital, and not himself, made the comment regarding Plaintiff "normalizing" herself to his behavior (<u>Id</u>.). He contends he should not be held liable for the statements and actions of a third person simply because they relate to him (<u>Id</u>.).

**IV. Discussion**

Having reviewed this matter the Court finds Plaintiff's position well taken with regard to Count III. Plaintiff correctly notes that supervisors may be held personally liable for unlawful discrimination in violation of Ohio Rev. Code § 4112. <u>Genaro</u>, 84 Ohio St.3d 293, 296. The complaint alleges that from January 12,

6

2004 to May 9, 2005 Defendant Rudich was in a supervisory position over Plaintiff (doc. 1). Plaintiff alleges that during this time Defendant called her at home and verbally abused her, and confronted her in a physically threatening manner while at work (Id.). Taking all inferences in favor of Plaintiff, the Court finds these allegations sufficient to survive Defendant's motion to dismiss.

With regard to Count IV the Court finds merit in the Defendant's motion. To establish a prima facie claim of retaliation the Plaintiff must show: (1) she was engaged in activity protected by Title VII, (2) the activity was known to the Defendant, (3) she was subjected to tangible or adverse employment action, and (4) there is a causal link between the protected activity and the adverse employment action. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 463 (6th Cir. 2001). Tangible employment actions fall within the special province of the supervisor. Burlington Industries v. Ellerth, 524 U.S. 742, 762 (1998) (noting that a co-employee cannot inflict an adverse employment action, absent some elaborate scheme). In the instant case, Plaintiff alleges that Defendant was in a supervisory role for the period of time in which Plaintiff worked for UC Surgeons (doc. 1). However, she fails to allege, aside from the contested allegation that Defendant is an employee of University Hospital, that Defendant was her supervisor at the time of the alleged acts of retaliation. Defendant Rudich correctly argues that the actions of the corporate

defendants cannot fairly be ascribed to him (doc. 7). Plaintiff has not made any allegation, even when taken in the light most favorable to her, to suggest that Defendant knew of or was in a position to bring about an adverse employment action.

## V. Conclusion

For the reasons indicated herein, the Court finds Defendant Dr. Rudich's Motion to Dismiss well-taken as to Plaintiff's claim for retaliation in Count IV of her complaint. However, taking all inferences in Plaintiff's favor, the Court finds she has adequately alleged a claim for hostile environment gender harassment under Ohio Rev. Code § 4112. Accordingly, the Court GRANTS IN PART Defendant's Motion (doc. 7) as to Plaintiff's retaliation claim and DISMISSES Count IV of her complaint as to Defendant Dr. Rudich. The Court DENIES the balance of Defendant Rudich's Motion; thus Count III of Plaintiff's complaint, for hostile environment gender harassment, survives Defendant's Motion.


        SO ORDERED

Dated: July 13, 2006          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

8